ORIGINAL

FILED IN OPEN COURT
U.S.D.C. Atlanta
MAY 29 2014
JAMES N. HATTEN, Clerk
By:
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHENHSIN CHAN a/k/a<br>PAUL CHAN | Criminal Indictment No.<br><br>1 : 14 - CR - 203 |

THE GRAND JURY CHARGES THAT:

## COUNTS ONE THROUGH TEN

(Mail Fraud)

### Background

1. Defendant CHENHSIN CHAN owned and operated The Wholesale Source, LLC, a company that marketed and sold dietary supplements, primarily through affiliated websites including www.thatswholesale.com and www.ephedrawholesale.com.

2. On April 12, 2004, the United States Food and Drug Administration ("FDA") published a final rule declaring dietary supplements containing ephedrine alkaloids to be adulterated food because they present an unreasonable risk of illness or injury. The federal Food, Drug, and Cosmetic Act ("FDCA") prohibits, among other things, the introduction or delivery for introduction into interstate commerce of any food that is adulterated.

3. On or about June 21, 2005, investigators from the FDA interviewed defendant CHAN. During the interview, defendant CHAN admitted that he,

through his company The Wholesale Source, LLC, was distributing dietary supplements to customers that contained ephedrine alkaloids. Defendant CHAN was warned during the interview that it was illegal to distribute dietary supplements containing ephedrine alkaloids.

Scheme and Artifice to Defraud

4. From at least in or about July 2005 and continuing through in or about August 2012, in the Northern District of Georgia and elsewhere, the defendant, CHENHSIN CHAN, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

5. It was part of the scheme and artifice to defraud that defendant CHAN caused the websites www.thatswholesale.com and www.ephedrawholesale.com to market and sell dietary supplements that contained ephedrine alkaloids.

6. It was further part of the scheme and artifice to defraud that defendant CHAN caused the websites www.thatswholesale.com and www.ephedrawholesale.com to contain a section titled "What is ephedra?" In response to this posed question, the website stated, among other things, that "[t]he FDA has approved the use of Ephedrine, both the natural Ephedrine Alkaloids, the synthetic Ephedrine HCL, and Pseudoephedrine for the treatment of asthma, colds, allergies, or *any other disease*." (Emphasis supplied). The

claim that ephedrine has been approved by the FDA for treatment of "any other disease" was materially false and misleading.

7. It was further part of the scheme and artifice to defraud that defendant CHAN caused the website www.thatswholesale.com to contain a section titled "Is Ephedra Legal?" In response to this posed question, the website stated:

> *"Let me answer that question by saying that ephedrine has never been illegal.* It is legal to purchase ephedrine both natural and synthetic (Ephedrine HCL made by Vasopro) for its intended use which is a decongestant and bronchodilator. *It will also provide energy, appetite suppression and increase your metabolism which leads to weight loss.* It will also increase your blood pressure so do not take it with any blood pressure medication, antidepressants or if you have a history of heart disease. Read all warnings before using and consult with your physician before use."

8. The claim on the website www.thatswholesale.com that ephedrine "has never been illegal" and provides "energy, appetite suppression and [will] increase your metabolism which leads to weight loss" was materially false and misleading, designed to lure potential customers into believing that it was legal for defendant CHAN, through The Wholesale Source, LLC, to distribute and sell adulterated dietary supplements that contained ephedrine alkaloids.

9. During the period of the scheme, defendant CHAN, through The Wholesale Source, LLC and its affiliated websites, sold over $4.3 million in adulterated dietary supplements.

3

## Mailings in Furtherance of the Scheme

10. On or about the dates set forth below, in the Northern District of Georgia, defendant CHENHSIN CHAN, aided and abetted by others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, knowingly and willfully caused to be delivered, by the Postal Service and by private and commercial interstate carrier, the dietary supplements listed below, which were adulterated foods containing ephedrine alkaloids, to the customers identified by initials below:

| Count | Approx. Date | Adulterated Food | Customer (By Initials) |
|---|---|---|---|
| 1 | 08/03/2009 | Stimerex-ES | C.S. |
| 2 | 08/13/2009 | Stimerex-ES | J.M. |
| 3 | 01/08/2010 | Stimerex-ES | S.G. |
| 4 | 09/07/2010 | Lipodrene | K.L. |
| 5 | 10/28/2010 | Lipodrene | K.L. |
| 6 | 03/07/2011 | Lipodrene | K.L. |
| 7 | 09/07/2011 | Stimerex-ES | T.N.D. |
| 8 | 11/15/2011 | Stimerex-ES | C.S. |
| 9 | 01/06/2012 | Lipodrene | K.L. |

4

| Count | Approx. Date | Adulterated Food | Customer (By Initials) |
|---|---|---|---|
| 10 | 03/29/2012 | Stimerex-ES | J.M. |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS ELEVEN THROUGH TWENTY

(Introduction of Adulterated Food)

11. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in Paragraphs 1-9 of this Indictment.

12. On or about the dates set forth below, in the Northern District of Georgia and elsewhere, defendant CHENHSIN CHAN, aided and abetted by others known and unknown to the Grand Jury, with the intent to defraud and mislead, did introduce and deliver for introduction, and cause the introduction and delivery for introduction into interstate commerce of foods that were adulterated in that they contained ephedrine alkaloids:

| Count | Approx. Date | Adulterated Food | Recipient City, State |
|---|---|---|---|
| 11 | 05/03/2009 | Stimerex-ES | Riverdale, GA |
| 12 | 07/28/2009 | Lipodrene | Hampton, GA |
| 13 | 09/26/2009 | Lipodrene-Lite | McDonough, GA |
| 14 | 02/16/2010 | Stimerex-ES | Flowery Branch, GA |
| 15 | 04/12/2010 | Lipodrene | Smyrna, GA |

| Count | Approx. Date | Adulterated Food | Recipient City, State |
|---|---|---|---|
| 16 | 05/17/2010 | Blu Impact | Powder Springs, GA |
| 17 | 10/06/2010 | Stimerex-ES | Duluth, GA |
| 18 | 03/07/2011 | Lipodrene | Peachtree City, GA |
| 19 | 12/28/2011 | Stimerex-ES | Alpharetta, GA |
| 20 | 03/10/2012 | Lipodrene-Lite | Rossville, GA |

All in violation of Title 21, United States Code, Sections 331(a), 333(a)(2), 342(f)(1)(A) and Title 18, United States Code, Section 2.

### COUNTS TWENTY-ONE THROUGH TWENTY-FIVE

(Knowing Distribution of a Listed Chemical)

13. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in Paragraphs 1-9 of this Indictment.

14. On or about the dates set forth below, in the Northern District of Georgia, defendant CHENHSIN CHAN, aided and abetted by others known and unknown to the Grand Jury, knowingly distributed ephedrine, a listed chemical as defined in Title 21, United States Code, Section 802, in violation of Title 21, United States Code, Section 822(a)(1), by selling the adulterated food Stimerex-ES containing ephedrine to the customers identified by initials below, without obtaining the required registration issued by the Attorney General for persons who manufacture or distribute any controlled substance or list I chemical:

6

| Count | Approx. Date | Customer (By Initials) |
|---|---|---|
| 21 | 08/03/2009 | C.S. |
| 22 | 08/13/2009 | J.M. |
| 23 | 01/08/2010 | S.G. |
| 24 | 09/07/2011 | T.N.D. |
| 25 | 03/29/2012 | J.M. |

All in violation of Title 21, United States Code, Section 841(f)(1) and Title 18, United States Code, Section 2.

### COUNTS TWENTY-SIX THROUGH THIRTY

(Money Laundering)

15. The Grand Jury re-alleges and incorporates by reference the factual allegations contained in Paragraphs 1-9 of this Indictment.

16. On or about the dates set forth below, defendant CHENHSIN CHAN, aided and abetted by others, within the Northern District of Georgia and elsewhere, did knowingly engage and attempt to engage in monetary transactions affecting interstate commerce, as described below, each such transaction involving criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, a mail fraud scheme as described in Counts One through Ten of this Indictment, in

violation of Title 18, United States Code, Section 1341, each transaction constituting a separate count as set forth below:

| Count | Approx. Date | Monetary Transaction |
|---|---|---|
| 26 | 6/09/2009 | Check issued for payment on real property located at 87-37 Justice Avenue, Elmhurst, NY 11373, in the amount of $95,000.00 |
| 27 | 7/31/2009 | Cashier's check for payment on real property located at 87-37 Justice Avenue, Elmhurst, NY 11373, in the amount of $203,778.55 |
| 28 | 7/31/2009 | Cashier's check for payment on real property located at 87-37 Justice Avenue, Elmhurst, NY 11373, in the amount of $649,603.58 |
| 29 | 3/09/2012 | Check issued for payment on 2012 Mercedes Benz, in the amount of $37,269.26 |
| 30 | 4/03/2012 | Check issued for payment on 2012 Mercedes Benz, in the amount of $15,143.68 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE PROVISION

17. The Grand Jury re-alleges and incorporates by reference the factual allegations set forth above in paragraphs 1 through 9 of this Indictment.

18. As a result of committing one or more of the mail fraud offenses alleged in Counts One through Ten of this Indictment, in violation of Title 18, United States Code, Section 1341, the defendant, CHENHSHIN CHAN, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), including, but is not limited to, the following:

    A. MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of each offense, or conspiracy to commit such offense, for which the defendant is convicted.

    B. REAL PROPERTY

        1. 87-37 Justice Avenue, Elmhurst, Queens County, New York, and all buildings, appurtenances, improvements, and attachments thereon, more particularly described as follows:

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the northwesterly side of 54th Avenue and the northeasterly side of Justice Avenue;

RUNNING THENCE northwesterly along the northeasterly side of Justice Avenue, 32.10 feet;

9

THENCE northeasterly along a line forming an interior angle of 74 degrees 20.7 seconds 1 minute with Justice Avenue and part of a distance through a party wall, 62.46 feet;

THENCE in a general southerly direction along a line forming an interior angle of 179 degrees 47 minutes 00 seconds with the aforementioned course 4.24 feet;

THENCE still in a general southwesterly direction along a line forming an interior angle of 174 degrees 17 minutes 00 seconds, 25.05 feet;

THENCE still in a general southwesterly direction along a line forming an interior angle of 174 degrees 17 minutes 00 seconds, 25.10 feet;

THENCE still in a general southwesterly direction along a line forming an interior angle of 121 degrees 02 minutes 59 seconds, 0.59 feet to the northerly side of 54th Avenue;

THENCE westerly and southerly along the northerly and northwesterly side of 54th Avenue, 14.40 feet to the aforementioned corner and the point or place of BEGINNING.

Premises known as 87-37 Justice Avenue, Elmhurst, New York. [Tax Parcel (BBL) ID No.: 4 1839 57].

C. FUNDS

1. $666,655.46 in funds seized from JP Morgan Chase account number XXXXXXXXXX8965 held in the name of The Wholesale Source.

D. VEHICLES

1. 2012 Mercedes Benz E350W4, VIN WDDHF8JB4CA572824.

    2. 2005 Lamborghini Gallardo, VIN ZHWGU11S45LA02309.

E. PERSONAL PROPERTY

    1. 2010 American Buffalo 1 oz. gold $50 proof coin, encased in plastic, with brown box.

    2. 2009 ultra high relief coin with brown box and CD.

    3. 2006 American Buffalo 1 oz. gold $50 proof coin, encased in plastic, with brown box.

19. In addition, as a result of committing one or more of the offenses alleged in Counts Twenty-One through Twenty-Five of this Indictment, in violation of Title 21, United States Code, Section 841(f)(1), the defendant, CHENHSHIN CHAN, shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations, pursuant to Title 21, United States Code, Section 853, including, but is not limited to, the following:

    A. MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of each offense, or conspiracy to commit such offense, for which the defendant is convicted.

    B. REAL PROPERTY

        1. 87-37 Justice Avenue, Elmhurst, Queens County, New York, and all buildings, appurtenances, improvements, and attachments thereon, more particularly described as follows:

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the northwesterly side of 54th Avenue and the northeasterly side of Justice Avenue;

RUNNING THENCE northwesterly along the northeasterly side of Justice Avenue, 32.10 feet;

THENCE northeasterly along a line forming an interior angle of 74 degrees 20.7 seconds 1 minute with Justice Avenue and part of a distance through a party wall, 62.46 feet;

THENCE in a general southerly direction along a line forming an interior angle of 179 degrees 47 minutes 00 seconds with the aforementioned course 4.24 feet;

THENCE still in a general southwesterly direction along a line forming an interior angle of 174 degrees 17 minutes 00 seconds, 25.05 feet;

THENCE still in a general southwesterly direction along a line forming an interior angle of 174 degrees 17 minutes 00 seconds, 25.10 feet;

THENCE still in a general southwesterly direction along a line forming an interior angle of 121 degrees 02 minutes 59 seconds, 0.59 feet to the northerly side of 54th Avenue;

THENCE westerly and southerly along the northerly and northwesterly side of 54th Avenue, 14.40 feet to the aforementioned corner and the point or place of BEGINNING.

        Premises known as 87-37 Justice Avenue, Elmhurst, New York. [Tax Parcel (BBL) ID No.: 4 1839 57].

### C. FUNDS

1. $666,655.46 in funds seized from JP Morgan Chase account number XXXXXXXXXX8965 held in the name of The Wholesale Source.

### D. VEHICLES

1. 2012 Mercedes Benz E350W4, VIN WDDHF8JB4CA572824.

2. 2005 Lamborghini Gallardo, VIN ZHWGU11S45LA02309.

3. 2007 Nissan Xterra, VIN 5N1AN08W47C530376.

### E. PERSONAL PROPERTY

1. 2010 American Buffalo 1 oz. gold $50 proof coin, encased in plastic, with brown box.

2. 2009 ultra high relief coin with brown box and CD.

3. 2006 American Buffalo 1 oz. gold $50 proof coin, encased in plastic, with brown box.

20. In addition, as a result of committing one or more of the money laundering offenses alleged in Counts Twenty-Six through Thirty of this Indictment, in violation of Title 18, United States Code, Section 1957, the defendant, CHENHSHIN CHAN, shall forfeit to the United States any and all property, real or personal, involved in such offenses and all property traceable to

such offenses, pursuant to Title 18, United States Code, Section 982(a)(1),

including, but not limited to, the following:

    A. MONEY JUDGMENT: A sum of money equal to the total amount of money involved in each offense for which the defendant is convicted.

    B. REAL PROPERTY

        1. 87-37 Justice Avenue, Elmhurst, Queens County, New York, and all buildings, appurtenances, improvements, and attachments thereon, more particularly described as follows:

        ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

        BEGINNING at the corner formed by the intersection of the northwesterly side of 54th Avenue and the northeasterly side of Justice Avenue;

        RUNNING THENCE northwesterly along the northeasterly side of Justice Avenue, 32.10 feet;

        THENCE northeasterly along a line forming an interior angle of 74 degrees 20.7 seconds 1 minute with Justice Avenue and part of a distance through a party wall, 62.46 feet;

        THENCE in a general southerly direction along a line forming an interior angle of 179 degrees 47 minutes 00 seconds with the aforementioned course 4.24 feet;

14

THENCE still in a general southwesterly direction along a line forming an interior angle of 174 degrees 17 minutes 00 seconds, 25.05 feet;

THENCE still in a general southwesterly direction along a line forming an interior angle of 174 degrees 17 minutes 00 seconds, 25.10 feet;

THENCE still in a general southwesterly direction along a line forming an interior angle of 121 degrees 02 minutes 59 seconds, 0.59 feet to the northerly side of 54th Avenue;

THENCE westerly and southerly along the northerly and northwesterly side of 54th Avenue, 14.40 feet to the aforementioned corner and the point or place of BEGINNING.

Premises known as 87-37 Justice Avenue, Elmhurst, New York. [Tax Parcel (BBL) ID No.: 4 1839 57].

C. FUNDS

1. $666,655.46 in funds seized from JP Morgan Chase account number XXXXXXXXXXX8965 held in the name of The Wholesale Source.

D. VEHICLES

1. 2012 Mercedes Benz E350W4, VIN WDDHF8JB4CA572824.

21. If, as a result of any act or omission of defendant CHAN, property subject to forfeiture cannot be located upon the exercise of due diligence; has been transferred to, sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has

15

been commingled with other property, which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of defendant CHAN up to the value of the forfeitable property described above.

A  TRVE  BILL

_____
FOREPERSON

SALLY QUILLIAN YATES
*United States Attorney*

_____
STEVEN D. GRIMBERG
 *Assistant United States Attorney*
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404-581-6000
Georgia Bar No. 312144

_____
MICHAEL J. BROWN
 *Assistant United States Attorney*
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404-581-6000
Georgia Bar No. 064437