IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. |
| *v.* | 1:14-CR-203-ODE-AJB |
| CHENHSIN CHAN a/k/a PAUL CHAN | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

The United States of America, by John A. Horn, United States Attorney, and Steven D. Grimberg and Kelly K. Connors, Assistant United States Attorneys for the Northern District of Georgia, files these proposed jury instructions and verdict form pursuant to Rule 30 of the Federal Rules of Criminal Procedure.

The United States also respectfully requests leave of the Court to allow the parties to propose additional pattern and/or special instructions to the extent such action may become necessary due to developments during trial.

**PROPOSED JURY INSTRUCTION NO. 1**
**Introduction**

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proven the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases),
Basic Instruction No. 1 (2016).

**PROPOSED JURY INSTRUCTION NO. 2**
**The Duty to Follow Instructions And the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction No. 2.1 (2016).

**(ALTERNATIVE) PROPOSED JURY INSTRUCTION NO. 2**
**The Duty to Follow Instructions and the Presumption Of Innocence**
**When a Defendant Does Not Testify**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction No. 2.2 (2016).

**PROPOSED JURY INSTRUCTION NO. 3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction No. 3 (2016).

## PROPOSED JURY INSTRUCTION NO. 4
### Consideration of Direct and Circumstantial Evidence;
### Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

---

Eleventh   Circuit   Pattern   Jury   Instructions   (Criminal   Cases), Basic Instruction No. 4 (2016).

**PROPOSED JURY INSTRUCTION NO. 5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction No. 5 (2016).

**PROPOSED JURY INSTRUCTION NO. 6**
**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction No. 6.1 (2016).

**(ALTERNATIVE) PROPOSED JURY INSTRUCTION NO. 6**
**Impeachment of Witnesses Because of**
**Inconsistent Statements or Felony Conviction**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction No. 6.2 (2016).

**PROPOSED JURY INSTRUCTION NO. 7**
**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction No. 7 (2016).

**PROPOSED JURY INSTRUCTION NO. 8**
**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

---

Eleventh   Circuit   Pattern   Jury   Instructions   (Criminal   Cases), Special Instruction No. 5 (2016).

**PROPOSED JURY INSTRUCTION NO. 9**
**Introduction to Offense Instructions**

The indictment charges 30 separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction No. 8 (2016).

**PROPOSED JURY INSTRUCTION NO. 10**
**On or About a Particular Date; Knowingly**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction No. 9.2 (2016).

# PROPOSED JURY INSTRUCTION NO. 11
## Aiding and Abetting; Agency
## 18 U.S.C. § 2

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

_____

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction No. 9.2 (2016).

**PROPOSED JURY INSTRUCTION NO. 12**
**Mail Fraud**
**18 U.S.C. § 1341**

Counts One through Ten of the indictment charge mail fraud. It's a Federal crime to use the United States mail or transmit something by private or commercial interstate carrier in carrying out a scheme to defraud someone.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly devised or participated in a scheme to defraud someone, or obtain money or property, using false or fraudulent pretenses, representations, or promises;

(2) the false or fraudulent pretenses, representations, or promises were about a material fact;

(3) the Defendant intended to defraud someone; and

(4) the Defendant used the United States Postal Service by mailing or by causing to be mailed, or a private or commercial interstate carrier by depositing or causing to be deposited with the carrier, something meant to help carry out the scheme to defraud.

A "private or commercial interstate carrier" includes any business that transmits, carries, or delivers items from one state to another. It doesn't matter whether the message or item actually moves from one state to another as long as the message or item is delivered to the carrier.

A "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact, it is made with intent to defraud, and the speaker either knows it is untrue or makes it with reckless indifference to the truth. It may be false or fraudulent if it is made with the intent to defraud and is a half-truth or effectively conceals a material fact.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

The Government does not have to prove all the details about the precise nature and purpose of the scheme or that the material that was mailed or deposited with an interstate carrier was itself false or fraudulent. It also does not

have to prove that the use of the mail or the interstate carrier was intended as the specific or exclusive means carrying out the fraud, or that the Defendant did the actual mailing or depositing. It doesn't even have to prove that anyone was actually defrauded.

To "cause" the mail or an interstate carrier to be used is to do an act knowing that the use of the mail or the carrier will usually follow in the ordinary course of business or where that use can reasonably be foreseen.

Each separate use of the mail or an interstate carrier as part of the scheme to defraud is a separate crime.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Offense Instruction No. 50.1 (2016).

**PROPOSED JURY INSTRUCTION NO. 13**
**Introduction of Adulterated Food**
**21 U.S.C. § 331(a) and §333(a)(2)**

Counts Eleven through Twenty of the indictment charge introduction of adulterated food. It is a Federal crime for anyone, acting with the intent to defraud or mislead, to introduce or cause the introduction into interstate commerce food that is adulterated. For you to find the Defendant guilty, the government must prove each of the following beyond a reasonable doubt:

    (1) that the Defendant introduced or delivered for introduction, or caused the introduction or delivery for introduction, into interstate commerce a food;

    (2) that the food was adulterated when introduced into interstate commerce; and

    (3) that the Defendant did so with intent to defraud or mislead.

To introduce or deliver for introduction foods into interstate commerce means to introduce or deliver for introduction foods that will travel from one State to another State. If you find that, for any count, the food identified in that count traveled from one State to another State, then you may find that the food was introduced or delivered for introduction into interstate commerce.

To act with "intent to defraud" means to act with the specific intent to deceive or cheat, ordinarily for the purpose of either causing some financial loss to another or bringing about some financial gain to one's self.  It is not necessary,

however, to prove that anyone was, in fact, defrauded as long as it is established beyond a reasonable doubt that the Defendant acted with the intent to defraud.

You are instructed that to act with "intent to mislead" means to act with the specific intent to create a false impression by misstating, omitting, or concealing facts.  It is not necessary, however, to prove that anyone was, in fact, misled as long as it is established beyond a reasonable doubt that the Defendant acted with the intent to mislead.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.  But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things such as what the Defendant said, what the Defendant did, how the Defendant acted, and any other facts or circumstances in evidence that bear on the Defendant's intent.

 For purposes of Counts Eleven through Twenty, a Defendant acts with intent to defraud or mislead if the Defendant acts with the intent to defraud or mislead either the consumers of the Defendant's products or the Government.  To act with the intent to defraud or mislead the consumers of a product means to act with the specific intent to mislead either the direct purchaser of the product, or subsequent purchasers or users, about the nature of the product being used or purchased.

Under federal law, "dietary supplements" are considered to be "foods." A dietary supplement that contains ephedrine alkaloids is an adulterated food.

---

21 U.S.C. §§ 321(ff), 331(a), 333(a)(2);

21 U.S.C. § 321(b); Hipolite Egg Co. v. United States, 220 U.S. 45, 54 (1911); United States v. Wiesenfeld Warehouse Co., 376 U.S. 86 (1964);

United States v. Bradshaw, 840 F.2d 871, 874-75 (11th Cir. 1988); United States v. Arlen, 947 F.2d 139, 145-46 (5th Cir. 1991);

21 U.S.C. § 342(f)(1)(A); 21 C.F.R. § 119.1; 69 F.R. 6788-01; Hi-Tech Pharm., Inc. v. Crawford, 544 F.3d 1187, 1191 (11th Cir. 2008).

## PROPOSED JURY INSTRUCTION NO. 14
### Knowing Distribution of a Listed Chemical
### 21 U.S.C. §841(f)(1)

Counts Twenty-One through Twenty-Five of the indictment charge knowing distribution of a listed chemical. It is a Federal crime for anyone to knowingly distribute a listed chemical without obtaining the required registration issued by the Attorney General.

For you to find the Defendant guilty, the government must prove each of the following beyond a reasonable doubt:

      (1) that the defendant distributed ephedrine;

      (2) that the defendant knew he was distributing ephedrine; and

      (3) that at the time of distribution the defendant did not have the required registration issued by the Attorney General to distribute listed chemicals.

The term "listed chemical" means any list I or list II chemical. Ephedrine is a list I chemical. If you find beyond a reasonable doubt that the Defendant distributed dietary supplements that contained ephedrine, then you must find that the defendant distributed a listed chemical.

The Government does not need to prove that the Defendant knew ephedrine was a listed chemical.

The law requires every person who distributes a list I chemical to obtain annual registration issued by the Attorney General.  The Government does not need to prove that that the Defendant knew of the registration requirement.

_____

21 U.S.C. §§ 802(33), 802(34), 822(a)(1), 841(f)(1).

**PROPOSED JURY INSTRUCTION NO. 15**
**Money Laundering**
**18 U.S.C. § 1957**

Counts Twenty-Six through Thirty of the indictment charge money laundering. It is a Federal crime for anyone to engage in certain kinds of financial transactions commonly known as money laundering.

The Defendant can be found guilty of this offense only if all the following are proved beyond a reasonable doubt;

> (1) the Defendant knowingly engaged or attempted to engage in a monetary transaction;

> (2) the Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

> (3) the property had a value of more than $10,000;

> (4) the property was in fact proceeds of the mail fraud scheme as described in Counts One through Ten of the Indictment; and

> (5) the transaction took place in the United States.

The term "monetary transaction" means the [deposit] [withdrawal] [transfer] [exchange of funds or a monetary instrument] by, through, or to a financial institution in a way that affects interstate commerce.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

It doesn't matter whether the Defendant knew the precise nature of the crime or that the property came from committing the mail fraud scheme as described in Counts One through Ten of the Indictment. But the Government must prove that the Defendant knew that the property involved in the monetary transaction was obtained or derived from committing some crime.

Also it doesn't matter whether all the property involved was derived from a crime. The Government only has to prove that $10,000 worth of the property was obtained or derived from committing a crime.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Offense Instruction No. 74.6 (2016).

**PROPOSED JURY INSTRUCTION NO. 16**
**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases),
Basic Instruction No. 10.2 (2016).

## PROPOSED JURY INSTRUCTION NO. 17
### Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases),
Basic Instruction No. 11 (2016).

**PROPOSED JURY INSTRUCTION NO. 18**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience. I will review the verdict form with you at this time.

For Counts One through Thirty of the indictment, if you do not believe that the Defendant is guilty or if you entertain a reasonable doubt as to his guilt, place a mark in the space indicating "Not Guilty" on the form as to that count. On the other hand, if you believe that the Defendant's guilt has been proven beyond a reasonable doubt regarding any of the counts of the indictment, then you would place a mark in the space indicating "Guilty" as to that count.

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in

the courtroom. But I caution you not to tell me how many jurors have voted one

way or the other at that time.

---

Eleventh Circuit Pattern Jury Instructions (Criminal Cases),
Basic Instruction No. 12 (2016).

## VERDICT FORM

1.  As to Count One of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

    Guilty _____          Not Guilty _____.


2.  As to Count Two of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

    Guilty _____          Not Guilty _____.


3.  As to Count Three of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

    Guilty _____          Not Guilty _____.


4.  As to Count Four of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

    Guilty _____          Not Guilty _____.


5.  As to Count Five of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

    Guilty _____          Not Guilty _____.

6.  As to Count Six of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

    Guilty _____        Not Guilty _____.


7.  As to Count Seven of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

    Guilty _____        Not Guilty _____.


8.  As to Count Eight of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

    Guilty _____        Not Guilty _____.


9.  As to Count Nine of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

    Guilty _____        Not Guilty _____.


10. As to Count Ten of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

    Guilty _____        Not Guilty _____.


11. As to Count Eleven of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

    Guilty _____        Not Guilty _____.

12.  As to Count Twelve of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

      Guilty _____      Not Guilty _____.

13.  As to Count Thirteen of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

      Guilty _____      Not Guilty _____.

14.  As to Count Fourteen of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

      Guilty _____      Not Guilty _____.

15.  As to Count Fifteen of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

      Guilty _____      Not Guilty _____.

16.  As to Count Sixteen of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

      Guilty _____      Not Guilty _____.

17.  As to Count Seventeen of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

Guilty _____          Not Guilty _____.


18.  As to Count Eighteen of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

Guilty _____          Not Guilty _____.


19.  As to Count Nineteen of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

Guilty _____          Not Guilty _____.


20.  As to Count Twenty of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

Guilty _____          Not Guilty _____.


21.  As to Count Twenty-One of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

Guilty _____          Not Guilty _____.


22.  As to Count Twenty-Two of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

Guilty _____          Not Guilty _____.

23.   As to Count Twenty-Three of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

Guilty _____          Not Guilty _____.


24.   As to Count Twenty-Four of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

Guilty _____          Not Guilty _____.


25.   As to Count Twenty-Five of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

Guilty _____          Not Guilty _____.


26.   As to Count Twenty-Six of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

Guilty _____          Not Guilty _____.


27.   As to Count Twenty-Seven of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

Guilty _____          Not Guilty _____.

28.   As to Count Twenty-Eight of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

      Guilty _____         Not Guilty _____.

29.   As to Count Twenty-Nine of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

      Guilty _____         Not Guilty _____.

30.   As to Count Thirty of the Indictment, we, the jury, unanimously find Defendant Chenhsin Chan:

      Guilty _____         Not Guilty _____.

**SO SAY WE ALL.**

Signed and dated at the United States Courthouse, Atlanta, Georgia, this

_____ day of _____, 2016.


      Foreperson's Signature      _____


      Foreperson's Printed Name      _____