# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **CHENHSIN CHAN,** | : | **MOTION TO VACATE** |
| BOP Reg. # 66071-019, | : | **28 U.S.C. § 2255** |
| Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:14-CR-203-ODE-AJB-1** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:19-CV-3447-ODE-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant, Chenhsin Chan, filed a pro se motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255. [Doc. 154.][1] The Government filed a response in opposition, [Doc. 158], and Movant filed a reply, [Doc. 160]. For the reasons discussed herein, the undersigned **RECOMMENDS** that the § 2255 motion be **DISMISSED** as untimely.

### I.     Discussion

On May 25, 2016, a jury found Movant guilty of mail fraud, the introduction of adulterated food, the knowing distribution of a listed chemical, and money

---

[1] Citations to the record in this Final Report and Recommendation refer to case number 1:14-cr-203-ODE-AJB-1.

laundering. [*See* Docs. 1, 78.] On December 20, 2016, the District Court filed the Judgment and Commitment, sentencing Movant to 135 months of imprisonment, followed by three years of supervised release. [Doc. 110.] The United States Court of Appeals for the Eleventh Circuit affirmed. *See United States v. Chan*, 729 Fed. Appx. 765 (11th Cir. Apr. 4, 2018) (per curiam). [Doc. 149.] Movant executed his § 2255 motion on July 23, 2019. [Doc. 154 at 8.] Movant claims that he received ineffective assistance of counsel. [*Id.* at 1.] The Government argues that the § 2255 motion is untimely. [Doc. 158 at 2-6.]

A § 2255 motion is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) Movant's convictions became final; (2) a Government impediment to making the § 2255 motion was removed; (3) a right that Movant asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) Movant, with due diligence, could have discovered the facts supporting his claims. *See* 28 U.S.C. § 2255(f)(1)-(4).

Under § 2255(f)(1), Movant had ninety days in which to seek certiorari in the Supreme Court after the Eleventh Circuit affirmed on April 4, 2018. *See* Sup. Ct. R. 13.1. Because Movant did not seek certiorari, his convictions became

2

final on July 3, 2018. *See Clay v. United States*, 537 U.S. 522, 525 (2003). The one-year statute of limitations expired on July 3, 2019.[2] Movant executed his § 2255 motion twenty days late, on July 23, 2019.

Movant's contention that his conviction was not final until the issuance of the Eleventh Circuit's mandate on May 3, 2018, [Doc. 160 at 1], is incorrect. Under Sup. Ct. R. 13.3, "the date of the issuance of the mandate is irrelevant for determining when a certiorari petition can be filed, and, therefore, irrelevant for determining finality under § 2255." *Close v. United States*, 336 F.3d 1283, 1285 (11th Cir. 2003). "[T]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate." *Clay*, 537 U.S. at 527 (rejecting the idea that, when a federal prisoner does not seek certiorari, a conviction becomes "final" for purposes of § 2255 upon issuance of the mandate by the appellate court).

---

[2] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

Furthermore, Movant fails to show that (1) the circumstances set forth in § 2255(f)(2)-(4) apply, (2) he is entitled to equitable tolling,[3] or (3) he is actually innocent.[4]  Therefore, the § 2255 motion should be dismissed as untimely.

## II.     <u>Certificate of Appealability (COA)</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of

---

[3] "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).  Neither pro se status or ignorance of the law justifies equitable tolling.  *Harris v. United States*, 627 Fed. Appx. 877, 880 (11th Cir. Oct. 1, 2015) (citing *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997).

[4] "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion."  *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam).  To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Id.* at 327.

the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, correct, or set aside sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that (1) the § 2255 motion, [Doc. 154], be **DISMISSED** as untimely, (2) a COA be **DENIED**, and (3) civil action number 1:19-cv-3447-ODE-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned.

**IT IS SO RECOMMENDED AND DIRECTED**, this 15th day of July, 2020.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE